## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MICHIGAN

In Re:

Matchbox Business, LLC,

      Debtor.

_____/

Case No: 24-01263
Chapter 11, Subchapter V
Hon. Scott W. Dales
Filed On: May 09, 2024

### DEBTOR'S MOTION FOR AN ORDER TO (A) PROHIBIT UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES TO DEBTOR PENDING RESOLUTION OF ANY DISPUTED, ADEQUATE ASSURANCE REQUESTS; AND (B) ESTABLISH PROCEDURES FOR ADEQUATE ASSURANCE OF PAYMENT

NOW COMES, Matchbox Business, LLC ("**Debtor**"), by and through its attorneys, CBH Attorneys & Counselors, PLLC, and, pursuant to 11 U.S.C. §§ 105 & 366, files its *Motion for an Order to (a) Prohibit Utility Companies from Altering, Refusing, or Discontinuing Services to Debtor Pending Resolution of any Disputed, Adequate Assurance requests; and (b) Establish Procedures for Adequate Assurance of Payment* (the "**Motion**"), and in support of its Motion states as follows:

### JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2).

3.      Venue of this proceeding and the motion is in this District is proper under 11 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.    On May 9, 2024 ("**Petition Date**"), Debtor filed for protection under Chapter 11, Subchapter V, of the United States Bankruptcy Code ("**Bankruptcy Code**").  Debtor filed this Motion as soon as practical after the Petition Date.

5.    Debtor continues to operate its business and manage its financial affairs and prospects as a debtor-in-possession pursuant to 11 U.S.C. § 1184.

6.    No trustee or examiner, other than the mandatory Subchapter V Trustee, has yet been appointed in this case.

7.    Debtor files this Motion pursuant to Fed. R. Bankr. P. 4001.

## RELIEF REQUESTED

8.    Through this Motion, Debtor seeks entry of an Order that would (a) prohibit the Utility Providers from altering, refusing, or discontinuing utility services to Debtor; and (b) establish procedures and mechanisms under which the parties may determine adequate assurance of future payment pursuant to 11 U.S.C. § 366.

## DEBTOR'S UTILITIES

9.    Debtor operates a restaurant located at 1345 Lake Drive, Grand Rapids, Michigan 49506.

10.    Nathan Orange ("**Orange**.") and Eric Chaitin ("**Chaitin**") are Debtor's members. Orange runs its day-to-day operations.  His declaration in support of the Motion is attached hereto as "**Exhibit A.**"

11.    Debtor requires the services of several utility providers, including those who supply telephone, internet, electric, gas, water, and other services to Debtor.  Specifically, Debtor requires

the services of the providers listed on "**Exhibit B: Matchbox Business, LLC's Necessary Utility Providers**."

12.     Debtor is current on all of its monthly utility obligations.

13.     Debtor has not experienced any suspensions or termination of utility services by virtue of non-payment of a utility bill.

14.     Debtor is now prohibited from paying these bills as a result of the commencement of this Case.

## BASIS FOR RELIEF

15.     Under 11 U.S.C. § 366, Utility Providers cannot alter, refuse, or discontinue service to a Debtor solely on the basis that the Debtor filed for bankruptcy if, within 30 days of the petition date, the Utility Provider receives "adequate assurance of payment." 11 U.S.C. § 366(c)(1)-(2).

16.     Section 366 is intended to protect debtors from detrimental utility service cut-offs initiated by the filing of a bankruptcy case, while also providing Utility Providers with adequate assurance of payment for post-petition utility services.

17.     Adequate assurance of payment can take the form of "(i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee." 11 U.S.C. § 366(c)(1)(A).

18.     In determining whether a Debtor's proposed offer constitutes adequate assurance of payment, the Court may not consider: (i) the absence of security prior to the petition date; (ii) whether, pre-petition, the debtor paid utility service charges in a timely manner; and (iii) the availability of an administrative expense priority. 11 U.S.C. § 366(c)(3)(B).

19.     Nonetheless, "[t]he determination of what constitutes 'adequate assurance of payment' . . . rests in the sound discretion of the trial court based on the facts and circumstances of each case." *In re Marion Steel Co.*, 35 B.R. 188, 198 (Bankr. N.D. Ohio 1983)

20.     Under 11 U.S.C. § 366, and with those facts identified in Paragraphs 9-14 in mind, Debtor proposes the following Adequate Assurance and Adequate Assurance Procedures:

## PROPOSED ADEQUATE ASSURANCE

21.     Debtor fully intends to pay all post-petition obligations owed to the Utility Providers in a timely manner and expects that it will have sufficient funds with which to satisfy fully all its post-petition utility obligations.

22.     Debtor submits that its history of timely payment and good faith commitment to paying utility obligations as they become due is Adequate Assurance of future payment to any Utility Providers under 11 U.S.C. § 366.

23.     As further Adequate Assurances, any utility Provider may seek administrative expenses for post-petition services under 11 U.S.C. § 503(b). Debtor's Schedules and Cash Flow Projections demonstrate that Debtor retains sufficient cash assets and sufficient cash flow to ensure prompt payment for post-petition services.

## PROPOSED ADEQUATE ASSURANCE PROCEEDURES

24.     In the event a Utility Provider believes that such Proposed Adequate Assurance, as provided for in paragraphs 21-23 is inadequate, Debtor proposes the following Adequate Assurance Procedures be adopted.

25.     Any Utility Provider that requires additional assurance beyond the Proposed Adequate Assurance must, within 30 days after the Petition Date, serve an Adequate Assurance Request ("Request") to Debtor's counsel at:

4

CBH Attorneys & Counselors, PLLC
Steven M. Bylenga
25 Division Ave. S., Suite 500
Grand Rapids, MI 49503

26.    Any Request must:

    a.  Be in writing;

    b.  Identify:

        i.    The type of utility services provided and the associated account number;

        ii.   The location for which the relevant utility services are provided;

        iii.  A list of any deposits, pre-payments, or other security currently held the Utility Provider on behalf of Debtor;

        iv.   A description of any payment delinquency or irregularity by Debtor for the post-petition period;

        v.    The average amount owed by Debtor for the prior six months;

    c.  Explain why the Utility Provider believes the Proposed Adequate Assurance is insufficient; and

    d.  Specify the amount and nature of assurance of payment that would be satisfactory to the Utility Provider.

27.    Without further order of the Court, Debtor may enter into agreements granting to a Utility Provider any assurance of payment that Debtor determines to be reasonable to resolve any compliant and timely Request.

28.    If Debtor believes that a Request is unreasonable and is unable, after good faith negotiations by the parties, to successfully resolve the dispute, then Debtor shall, within 20 days of its receipt of the Request, file a motion with the Court requesting that the Court determine a necessary Adequate Assurance payment pursuant to 11 U.S.C. § 366(C)(3)(A) and schedule a

5

hearing before the Court to resolve the matter to be heard by the Court that is at least 21 days after the filing of Debtor's motion.

29.     Pending the resolution of the Adequate Assurance Dispute by the Court, the Utility Provider shall be restrained from discontinuing, altering, or refusing service to Debtor.

30.     If a Utility Provider does not timely provide a timely Request to Debtor's counsel, the Utility Provider will be deemed to have received Adequate Assurance of payment under 11 U.S.C. § 366(c)(2) without further action by Debtor and without prejudice to the right of such Utility Company to seek relief in the future pursuant to Section 366(c)(3)(A).

31.     Any assurance of payment provided by Debtor to a Utility Company in accordance with this Order or any addition assurance under these procedures will, to the extent not used by the Utility Company to satisfy a post-petition default, be returned to Debtor within thirty (30) days after the effective date of (i) any plan(s) of reorganization in these Chapter 11 cases without further order of the Court, (ii) a sale of substantially all of Debtor's assets pursuant to Section 363 of the Bankruptcy Code or (iii) a conversion of these Chapter 11 cases to different Chapter.

32.     Should Debtor's list of Utility Providers, see **Exhibit B** to this Motion, be insufficient in that it fails to identify every Utility Provider, Debtor shall provide notice and a copy of the Utility Order to that newly discovered Utility Provider, which shall apply to the newly discovered provider, given that the newly discovered Utility Provider will be afforded thirty (30) days from the service of the Utility Order to request assurance of payment pursuant to these Proposed Adequate Assurance Procedures.

33.     Debtor submits that these Proposed Adequate Assurance Procedures are consistent with 11 U.S.C. § 366(c) and will adequately protect the interests of Utility Providers.  Specifically, they allow Utility Providers to request adequate assurance of payment within thirty days of service

of the Utility Order, which is consistent with subsection 366(c)(2).  Furthermore, if a Utility Company's Request is unreasonable, the proposed procedures establish a fair process to resolve the dispute, including a limited time period for negotiations by the parties and, if needed, a hearing by the Court upon adequate notice to resolve any dispute.

34.    Further, such procedures are necessary to the success of Debtor's case.  Were the Utility Providers able to alter, refuse, or discontinue their service, Debtor's business will likely have to cease operations, which will result in reduced distributions to creditors and cause hardship to Debtor's employees.

## NOTICE

35.    Notice of this Motion will be given to each affected Utility Provider, the United States Trustee for the Western District of Michigan and the trial attorney assigned to the matter, the Subchapter V. Trustee, each secured creditor, and the holders of the 20 largest unsecured claims.  Considering the nature of the relief requested, Debtor respectfully submits that no further notice is necessary as any delay would result in immediate and irreparable harm under Fed. R. Bankr. Pro. 6003.

**WHEREFORE**, Debtor requests that this Court: (a) enter an order in form substantially similar to the proposed order attached hereto as **Exhibit C: Proposed Order** granting the relief requested herein and establishing procedures for resolving disputes relating to adequate assurance of payment; and (b) grant Debtor such other and further relief as is just and proper.

Respectfully submitted,

**CBH Attorneys & Counselors, PLLC**

Dated: 5/10/24                    By: _____
                                        Steven M. Bylenga (P73492)
                                        Attorneys for Debtor
                                        25 Division Ave S., Suite 500

7

Grand Rapids, MI 49503
(616) 608-3061