UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

Matchbox Business, LLC,　　　　　　　　　　Case No. DG 24-01263
　　　　　　　　　　　　　　　　　　　　　　Chapter 11 – Subchapter V
　　　　　　　　　　　　　　　　　　　　　　Honorable Scott W. Dales
　　　　　　　　　　　　　　　　　　　　　　Chief Judge

_____Debtors./

## UNITED STATES TRUSTEE'S MOTION REQUESTING CONVERSION TO CHAPTER 7 OR DISMISSAL UNDER 11 U.S.C. § 1112(B)(1)

Andrew R. Vara, United States Trustee for Regions 3 and 9 (the "U.S. Trustee"), pursuant to his authority under 11 U.S.C. § 307 and 28 U.S.C. § 586(a)(3), requests that the Court dismiss this case under 11 U.S.C. § 1112(b)(1) and (b)(4)(E), (F) and (H) of the Bankruptcy Code, for the following reasons:

1.　　Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to Title 11 of the United States Bankruptcy Code.

### BACKGROUND

2.　　Matchbox Business, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 on May 9, 2024.  The Debtor elected to proceed under Subchapter V of title 11 of the Bankruptcy Code. (Dkt. No. 1, page 2, question 8).

3.　　Thomas C. Richardson, Esq., was appointed as Chapter 11, Subchapter V Trustee on May 10, 2024.  (Dkt. No. 13.)

4.　　On May 10, 2024, the Court entered its Definitive Order.  (Dkt. No. 3.)

1

5. On May 17, 2024, the U.S. Trustee reviewed his Operating Instructions and Reporting Requirements with the Debtor as part of the U.S. Trustee's Initial Debtor Interview (the "IDI"). At the IDI, the U.S. Trustee explained the obligations and reporting requirements of all debtors under 11 U.S.C. § 1106(a)(1), which incorporates 11 U.S.C. § 704(a)(8).

6. The Section 341 meeting of creditors was set for June 12, 2024 (Dkt. No. 25). The meeting of creditors was held and concluded on that date. (Dkt. No. 46.)

7. The Debtor, located in Grand Rapids, Michigan, operates a restaurant.

8. The Debtor timely filed a Chapter 11 plan of reorganization on August 7, 2024. (Dkt. No. 71.) The Court issued a scheduling order scheduling a confirmation hearing on the plan on January 16, 2025. (Dkt. No. 81.)

9. After conducting a status conference with the parties on November 22, 2024 at which the Debtor advised the Court that it needed more time to amend its plan to address objections, the Court issued the "Order Vacating Scheduling Order and Establish (sic) Deadlines" (the "Scheduling Order") on November 27, 2024. (Dkt. No. 90.)

10. Paragraph 2 of the Scheduling Order provided that the "Debtor shall file its amended Chapter 11, Subchapter V, Plan of Reorganization within 120 days of entry of this Order."

11. The one-hundred-and-twentieth day since the entry of the Scheduling Order fell on or about March 25, 2025.

12. The Debtor has not yet filed an amended Chapter 11, Subchapter V plan of reorganization.

13. The Debtor has not filed a request for an extension of the time to file an amended Subchapter V plan of reorganization, nor has the Court granted an extension of the time to file an amended Chapter 11, Subchapter V plan of reorganization.

## ARGUMENT

14. According to 11 U.S.C. § 1112(b)(1), "…on request of a party in interest., and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditor and the estate."

15. Section 1112(b)(4)(E), (F) and (H) define cause to convert or dismiss as follows: "For purposes of this subsection, the term 'cause' includes – (E) failure to comply with an order of the court; (F) unexcused failure to satisfy timely any filing or reporting requirement established by this titile or by any rule applicable to a case under this chapter; …(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee …"

16. By failing to file an amended Chapter 11, subchapter V plan of reorganization by March 25, 2025, the Debtor has failed to comply with the Scheduling Order issued by the Court. Moreover, the Debtor has had nearly eleven months under the protections of the Bankruptcy Code without proposing a confirmable chapter 11 plan, causing delay and expense to the Debtor's creditors. The Debtor's failure to timely amend its plan constitutes "cause" for conversion of this case under 11 U.S.C. § 1112(b)(4)(E).

17. In addition, the Definitive Order and 11 U.S.C. §§ 308(b), 704(a)(8), 1106(a)(1), 1116(4), 1184, and 1187 collectively require the Debtor to file with the Court and furnish to the U.S. Trustee monthly operating reports demonstrating its financial performance during this chapter

3

11 case.  The Debtor has not filed its February 2025 monthly operating report, which became due on March 21, 2025.

18. The U.S. Trustee cannot perform his statutory monitoring function without the aid of current and accurate financial information.  This lack of financial accountability evidences a serious disregard for the fiduciary responsibilities assigned to the Debtor.  The Debtor's failure to file complete and accurate financial reports constitutes "cause" for conversion of this case under 11 U.S.C. § 1112(b)(4)(E), (F), and (H); *see also In re Four Wells Ltd.*, 2016 WL 1445393, at *10 (B.A.P. 6th Cir. Apr. 12, 2016) (citations omitted).

19. Under 11 U.S.C. § 1112(b)(1), once the Court determines that "cause" exists, the Court must convert to chapter 7 or dismiss the Debtor's case, whichever is in the best interests of creditors and the estate.  The U.S. Trustee is unaware of any unusual circumstances which would prevent the Court from converting this case to chapter 7 under 11 U.S.C. § 1112(b)(2).

20. The bankruptcy estate may have claims against a former fiduciary, Eric Chaitin, which should be evaluated by an independent fiduciary and, if any purpose would be served, pursued.  Mr. Chaitin is a debtor under Chapter 13 of the Bankruptcy Code before this court, Case No. DK 24-02241.  The business may also have value which could be liquidated by a chapter 7 trustee.  Therefore, the U.S. Trustee would recommend conversion as the appropriate remedy.

For all the above reasons, the U.S. Trustee asks that the Court convert this case to a case under chapter 7 of the Bankruptcy Code, or, in the alternative, dismiss this case, pursuant to 11 U.S.C. § 1112(b)(1), or that the Court grant such other relief as the Court may deem just.

Respectfully submitted,
ANDREW R. VARA
United States Trustee
Regions 3 and 9

Date: April 2, 2025          By:_____
                             By: */s/ Michael V. Maggio*
                                Michael V. Maggio
                                Trial Attorney
                                Office of the United States Trustee
                                United States Department of Justice
                                The Ledyard Building, Second Floor
                                125 Ottawa Avenue NW, Suite 200R
                                Grand Rapids, Michigan 49503
                                Tel: (616) 456-2486
                                michael.v.maggio@usdoj.gov